Morris Sherman
vs.                    } Eq. No. 9197.
Gertrude Epstein, et al.

December 23, 1929.

TANNER, J. This is a bill in equity brought against one Gertrude Epstein and Max Krickstein. The bill alleges that the respondent Epstein was the owner of certain real estate on which there were builded business stores and dwelling house apartments. that said respondent Krickstein conducted a business in one of said stores; that said building was partially destroyed by fire; that thereafter the respondent Krickstein represented to said complainant that he owned said real estate beforementioned and induced the complainant to enter into a contract to repair said building, and said complainant did repair said building in accordance with said contract, but that said respondent Krickstein refused to pay the money due on said contract; whereupon said complainant brought suit and obtained judgment against said Krickstein, but the execution thereon was returned wholly unsatisfied, that thereafter said complainant learned that the title to said real estate stood in the name of the respondent Epstein; that the said Krickstein is the father of said respondent Epstein, whose residence is in Philadelphia, and said respondent Krickstein has always held himself out to be the owner of said premises; that the complainant is now uncertain whether said respondent Krickstein is merely the agent of said respondent Epstein in respect to said real estate or the owner thereof in equity; that said respondent Epstein has for a long period suffered and permitted said respondent Krickstein to act as owner of said real estate. The complainant therefore claims a lien upon said real estate for the satisfaction of said judgment and for costs and expenses.

This case is heard upon demurrer to the bill to the effect that no equitable lien exists, but an equitable lien on the property benefited has been held to arise where a person in good faith and under a mistake as to the condition of the title makes improvements, renders services or incurs expenses that are permanently beneficial to another's property.

37 C. J. 321, Sec. 26 (3);

2nd Lawrence's Equity Jurisprudence, Sec. 583;

*Phillips* vs. *Brown*, 20 R. I. 79.

We think that an equitable lien does arise under the circumstances.

The demurrer is therefore overruled.

For complainant: Wm. H. C. Brand, E. M. Sullivan.

For respondents: McGovern & Slattery.